IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SIMON PROPERTY GROUP, L.P. <br> a Delaware limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> NORTHMOBILETECH, LLC, <br><br> Defendant. | Civil Action No. 1:11-cv-0527-TWP-DML |

## PLAINTIFF'S NOTICE OF DISMISSAL

**PLEASE TAKE NOTICE** that Plaintiff Simon Property Group, L.P. ("SPG"), pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, hereby dismisses this action without prejudice.

Plaintiff brought this action seeking a declaration that U.S. Patent No. 7,805,130 ("the '130 patent) is invalid or, alternatively, not infringed by SPG. [Dkt. 1.] After Simon filed its complaint, Defendant NorthMobileTech LLC ("NMT") filed a separate complaint in the Western District of Wisconsin alleging infringement of the '130 patent ("Wisconsin Action"). SPG sought dismissal and/or transfer of the Wisconsin Action to the Southern District of Indiana. NMT opposed, arguing that the Southern District of Indiana did not have jurisdiction as to it. On these grounds, NMT also filed a motion to dismiss SPG's complaint in this action pursuant to Rule 12(b)(2). [Dkt. 21, 23.] To assess SPG's arguments, this Court granted SPG leave to conduct expedited jurisdictional discovery. [Dkt. 37.] The parties completed that discovery, finalized their briefing regarding the jurisdictional issues [Dkt. 38, 39], and have been awaiting the Court's ruling.

CH81225.1
214228-10003

In the meantime, however, the Wisconsin Action moved forward, as the Western District of Wisconsin would not stay any deadlines (other than those relating to SPG's requests for dismissal and/or transfer) while the jurisdictional questions were being addressed. The parties have now briefed several motions, submitted their claim construction positions and have begun the discovery process. As a result, SPG believes that dismissing and/or transferring the Wisconsin Action at this juncture would only cause unnecessary delay and require both this Court and the parties to duplicate significant efforts already undertaken in the Wisconsin Action. Accordingly, in the interest of judicial economy, SPG hereby dismisses its Complaint here (without prejudice).

Date:   October 3, 2011                    By: /s/ Michael R. Limrick

                                                Daniel L. Boots
                                                Michael R. Limrick
                                                Nathan L. Lundquist
                                                Bingham McHale LLP
                                                2700 Market Tower
                                                10 West Market Street
                                                Indianapolis, IN 46204
                                                317.635.8900
                                                317.236.9907 (facsimile)

                                                Timothy J. Carroll
                                                Matthew F. Carmody
                                                Steven M. Lubezny
                                                Loeb & Loeb LLP
                                                321 N. Clark Street, Suite 2300
                                                Chicago, IL  60654

                                                *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Holiday W. Banta
Woodard, Emhardt, Moriarty,
McNett & Henry LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
hbanta@world-ip.com

Keith A. Rabenberg
Senniger Powers LLP
100 North Broadway
17th Floor
St. Louis, MO 63102
krabenberg@senniger.com

                               s/ *Michael R. Limrick*
                               An Attorney for Simon Property Group, L.P.